UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JOHN DOE,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**APPFOLIO, INC, and CLEARA. LLC,**<br><br>　　　　　Defendants. | Civil Action No. 25-1363 (JKS) (MAH)<br><br>ORDER |

　　　　This matter comes before the Court by way of Plaintiff's motion for leave to proceed under a pseudonym, Mot. for Leave to Proceed Under Pseudonym, Feb., 20, 2025, D.E. 2;[1]

　　　　and Defendant AppFolio not having opposed the relief Plaintiff seeks, Letter, March 17, 2025, D.E. 9;[2]

　　　　and Defendant Cleara, LLC having not responded to Plaintiff's motion;[3]

---

[1] On February 20, 2025, Plaintiff filed his Complaint against AppFolio, Inc. ("AppFolio") and Cleara, LLC ("Cleara," and collectively with AppFolio, "Defendants"). Compl., D.E. 1. Plaintiff contends that Defendant AppFolio sold a consumer background report regarding Plaintiff, which contained an expunged criminal record that Defendant Cleara provided. *Id.* ¶ 2. Plaintiff alleges that a prospective landlord denied Plaintiff's application after receiving the consumer report, which contained the criminal record. *Id.* ¶ 3. Plaintiff asserts that this violated the Fair Credit Reporting Act. *Id.* ¶¶ 11-14, 35-38.

[2] AppFolio indicated in its letter that while it does not oppose Plaintiff proceeding under a pseudonym, it does object to the factual basis for the motion. Letter, March 17, 2025, D.E. 9, at 1 ("AppFolio disagrees with all underlying representations in his [motion].").

[3] On April 11, 2025, Defendant Cleara filed a motion to dismiss for lack of jurisdiction. *See* Mot. to Dismiss, D.E. 16. Defendant Cleara has not made any filing in opposition to Plaintiff's motion to proceed under a pseudonym.

and Plaintiff having alleged that the sale of an inaccurate tenant screening report that included a now-expunged criminal record of Plaintiff, Br. in Supp. of Mot. for Leave to Proceed Under Pseudonym, D.E. 2, at 1;

and Plaintiff also having alleged that the inclusion of the now-expunged criminal record caused Plaintiff's housing application to be denied, *id.*;

and Plaintiff having argued in this motion that revealing his identity and the now-expunged criminal record would essentially defeat the purpose of this lawsuit and the expungement, *id.* at 5;

and the Court having considered Plaintiff's submission, the applicable caselaw, and the record;

and a core component of the American judicial system being that judicial proceedings should be conducted in public, *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011);

and, as such, Federal Rule of Civil Procedure 10(a) requiring that all parties identify themselves in pleadings;

and courts having recognized that under limited circumstances a party may proceed under a pseudonym "where disclosure of the litigant's identity creates a risk of 'extreme distress or danger[,]'" *Doe v. Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014);

and courts having required a litigant seeking to proceed anonymously to demonstrate "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable," *Megless*, 654 F.3d at 408 (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010));

and the United States Court of Appeals for the Third Circuit having adopted a nine-factor test whether a party should be permitted to proceed anonymously, *Megless*, 654 F.3d at 408, 410;

2

and the six factors weighing in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409;

and the three factors weighing against proceeding anonymously include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*;

and courts having concluded that prior to considering those factors, a litigant must first establish the threshold showing of both a fear of severe harm and that the fear is reasonable, *see, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 22-1919, 2023 WL 3749969, at *3 (D.N.J. June 1, 2023) (denying a motion to maintain a pseudonym because the plaintiff failed "to satisfy the threshold showing of a reasonable fear of severe harm);

and the Court having concluded Plaintiff has not established a reasonable fear of severe harm;[4]

---

[4] Plaintiff contends that public dissemination of the sensitive information contained in his expunged criminal record would do the same harm Plaintiff seeks to remedy in this litigation, *i.e.*, his now-expunged criminal record would be revealed again. Mot. to Proceed Under

3

and Plaintiff failing to demonstrate good cause;

**IT IS on this 24th day of April 2025,**

**ORDERED** that Plaintiff's motion to proceed under a pseudonym, D.E. 2, is **denied** without prejudice.

<u>s/ Michael A. Hammer</u>
**United States Magistrate Judge**

---

Pseudonym, D.E. 2-1, at 4.  While the Court is mindful of Plaintiff's interest in maintaining anonymity, Plaintiff has failed to articulate what harm would occur.  Plaintiff broadly states that the injury is "economic, emotional, and reputational." *Id.* at 6.  However, allegations that a "litigant may suffer embarrassment or economic harm will not suffice." *Megless*, 654 F.3d at 408.

Courts have found that revealing expunged criminal records—even in the context of a FCRA case—is not a sufficient basis to proceed under a pseudonym.  *See Doe v. First Advantage Background Servs. Corp.*, No. 23-647, 2024 WL 1194771, at *2 (D. Del. Mar. 20, 2024) ("[T]he disclosure of the historical fact that a person was convicted *in public proceedings* of a crime does not reveal intimate or highly sensitive information.") (emphasis in original); *see also Doyduk v. Att'y Gen. United States*, 66 F.4th 132, 134 (3d Cir. 2023) ("An expungement order eliminates the legal record of an event, but it does not erase history.").  Indeed, in *First Advantage Background*, the court considered the plaintiff's allegations that revealing an expunged criminal record would potentially impact future employment opportunities as economic harm.  2024 WL 1194771, at *1.  However, potential economic harm "is insufficient to overcome the public's right to know who is using its courts." *Id.*  Here, similarly, Plaintiff contends that revealing the now-expunged criminal record would cause embarrassment and "further reputational, economic, and emotional harm."  However, much like in *First Advantage Background*, economic harm or reputational harm is insufficient to justify litigating under a pseudonym in an FCRA matter. *See also id.* at *2 (rejecting disclosure an expunged conviction in an FCRA case is *per se* a severe harm).

Therefore, Plaintiff has failed to establish both a fear of serve harm and that the fear of severe harm is reasonable. *Megless*, 654 F.3d at 408.